IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN MARTIN PATTON, JR.,

    **Plaintiff,**

    v.                                        CASE NO. 23-3096-JWL

**GRANT SPARKS, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

This matter is before the Court on an Objection to Order on Motion for Leave to Proceed in forma pauperis (Doc. 4) and a Motion for Extension of Time (Doc. 5) to file an objection to the in forma pauperis order filed by Plaintiff.

Plaintiff challenges the constitutionality of the Prison Litigation Reform Act ("PLRA") imposing a filing fee on a pretrial detainee who has no means to generate income. "Courts have considered a variety of challenges to the constitutionality of [the PLRA imposing a filing fee] and have uniformly concluded that the provisions pass constitutional muster." *Shabazz v. Parsons*, 127 F.3d 1246, 1248 (10th Cir. 1997). As the Tenth Circuit explained, "[R]equiring prisoners to make economic decisions about filing lawsuits does not deny access to the courts; it merely places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state." *Id.* at 1249 (internal citation and quotation omitted). "To further ensure that prisoners need not totally deprive themselves of those small amenities of life which they are permitted to acquire in a prison ... beyond the food, clothing, and lodging already furnished by the state, section 1915 allows payment to be taken from the prisoner's account only where the amount in the account exceeds $10." *Id.* at 1248 (internal citation and quotation omitted).

1

Plaintiff also argues the provision violates the Equal Protection Clause.  In *Klein v. Coblentz*, 132 F.3d 42, 1997 WL 767538 (10th Cir. 1997) (unpublished), the Tenth Circuit agreed with the Eleventh Circuit in rejecting such an argument, finding that in enacting the PLRA, "Congress had ample justification (e.g., prisoners often have an abundance of free time, live in a nearly cost-free environment, and have unique incentives to file meritless or frivolous lawsuits) in differentiating between indigent prisoners and other litigants."  *Klein*, 1997 WL 767538 at *6 (quoting *Mitchell v. Farcass,* 112 F.3d 1438, 1489 (11th Cir. 1997) and citing *Hampton v. Hobbs,* 106 F.3d 1282, 1286 (6th Cir. 1997) (rejecting an equal protection challenge because "neither prisoners nor indigents are a suspect class and ... the classification does not implicate a fundamental right")).

Last, Plaintiff asserts that the Excessive Fines Clause of the Eighth Amendment is implicated or that the filing fee is a form of punishment and therefore a bill of attainder.  "The Excessive Fines Clause limits the government's power to extract payments, whether in cash or in kind, 'as *punishment* for some offense.'"  *Austin v. United States*, 509 U.S. 602, 609–10 (1993) (quoting *Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc.,* 492 U.S. 257, 265 (1989)) (emphasis added).  A bill of attainder is "a law that legislatively determines guilt and inflicts *punishment* upon an identifiable individual without provision of the protections of a judicial trial."  *Selective Serv. Sys. v. Minn. Pub. Interest Research Group,* 468 U.S. 841, 846–47 (1984) (quotations omitted) (emphasis added).  Because "nothing in PLRA punishes inmates for past activity" (*Klein*, 1997 WL 767538 at *6), Plaintiff's argument fails.

**IT IS THEREFORE ORDERED** that Plaintiff's Objection to Order on Motion for Leave to Proceed in forma pauperis (Doc. 4) is **overruled**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time (Doc. 5) to file an objection to the in forma pauperis order is **denied as moot**.

**IT IS SO ORDERED.**

**DATED:** This 21st day of April, 2023, at Kansas City, Kansas.

<u>S/   John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE