UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN MARTIN PATTON, JR,

    Plaintiff,

    v.

GRANT SPARKS, *in his individual and official capacities, et al.*,

    Defendants.

Case No. 23-3096-JWB-RES

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' Motion to Dismiss as a Discovery Sanction ("the Motion"). ECF No. 33. The Court previously extended the deadline up to and including January 10, 2024, for pro se Plaintiff John Martin Patton, Jr., to respond to the Motion. ECF No. 38.

Plaintiff did not file a timely response brief by the deadline. Instead, on January 16, 2024, Plaintiff filed two documents: (1) a motion for leave to file a modified response brief or alternative relief, ECF No. 43; and (2) a response brief, ECF No. 44. Plaintiff's motion for leave explains that Plaintiff encountered difficulties in obtaining a manilla envelope from the facility where he is housed. ECF No. 43. Plaintiff acknowledged that his response brief would be submitted out of time but requested that the Court accept a response brief written on the front and back of multiple sheets of paper,[1] which would fit into a regular envelope. *Id.* at 4. Plaintiff's motion for leave is

---

[1] Alternatively, Plaintiff requests that the Court compel the facility to provide him with a manilla envelope. *Id.* at 5.

granted insofar as the Court has considered Plaintiff's response brief, ECF No. 44, but that motion is otherwise denied.[2]

Because Defendants have not established an entitlement to the sanction they seek, Defendants' Motion is denied.  The Court rules on Defendants' Motion without awaiting any reply brief from Defendants because no additional briefing could establish Defendants' entitlement to the sanction they seek based on the record in this litigation.  Additionally, the Court rules on this Motion now in order to quickly reset deadlines so the parties can move forward with completing discovery.

## I.     BACKGROUND

Plaintiff filed this case on April 5, 2023.  ECF No. 1.  Highly summarized, the claims stem from Defendant Grant Sparks' arrest of Plaintiff on September 20, 2020.  Plaintiff asserts claims against Sparks and Defendant the City of Meriam under 42 U.S.C. § 1983.  *See generally* ECF No. 13 (amended complaint).

On September 13, 2023, the Court entered a scheduling order, imposing multiple deadlines, including requiring that any discovery requests must be served on or before February 1, 2024, and requiring that any deposition of Plaintiff must be taken by December 1, 2023.  ECF No. 19 at 2.  With respect to Plaintiff's deposition, the scheduling order states:

---

[2]     Plaintiff's response brief also requests that the Court impose "counter-sanctions" against Defendants.  ECF No. 44 at 1.  That request is denied for two reasons.  *First*, "[g]enerally, requests for affirmative relief must be made by a motion, not raised in a response brief." *Everest Indem. Ins. Co. v. Jake's Fireworks, Inc.*, 335 F.R.D. 330, 336 (D. Kan. 2020).  *Second*, even if Plaintiff had filed a proper motion requesting this relief, much of the Court's analysis in this Order would apply equally to Plaintiff's request for "counter-sanctions," and the Court would deny the request for similar reasons.  Instead of filing voluminous briefs that are overreaching at best, the parties are directed to begin to work together to complete any remaining discovery in a timely manner and to bring this case to a final resolution on its merits.

> 5. Any deposition of plaintiff must be taken on or before **December 1, 2023.**
>
> 5.1. Leave of court for the taking of such deposition is granted pursuant to Federal Rule of Civil Procedure 30(a)(2)(B). The deposition may be taken by telephone and/or video conference, if available, at the option of defendants.

*Id.*

On October 12, 2023, Defendant Sparks mailed Plaintiff copies of Defendant's First Interrogatories, First Requests for Admissions, and First Request for Production. ECF No. 26 (certificate of service). According to Defendants, Plaintiff has not responded. ECF No. 33 at 2.

Defendants also state that "[o]n October 13, 2023, Defendants mailed a Notice of Deposition to Patton, informing Patton that his deposition would be taken on November 16, 2023 at 10:00 a.m. at the Johnson County Adult Detention Center where he is incarcerated." ECF No. *Id.* Defendants did not file a deposition notice or a certificate of service reflecting service of this deposition notice. *See* D. Kan. Rule 26.3 (deposition notices are not expressly excluded from filing requirements). The deposition notice attached as an exhibit to the Motion, however, lists the deposition location as the New Century Adult Detention Center ("New Century"), at 27745 West 159th Street, New Century, Kansas, 66031, not the Johnson County Adult Detention Center referenced in the Motion. *See* ECF No. 33-5 at 1.

Defendants also attached as an exhibit the affidavit of a deputy sheriff working at New Century on the day of the scheduled deposition. ECF No. 33-6 at 1. According to the affidavit, Plaintiff was housed at New Century on that date. *Id.* The affidavit further states:

> 4. At approximately 10:00 a.m., I was instructed to have Inmate Patton transported to the professional visitation room for an attorney visit. I used the intercom system to advice Patton of this transfer. Patton responded that he did not wish to go. I relayed this response to the lobby office.

3

> 5. At approximately 10:06 a.m., I used the intercom system again to confirm that Inmate Patton did not wish to go to the visitation room to meet with the attorney. He refused, stating that he had filed a motion that day and needed to wait for that to be resolved first. I confirmed that he did not wish to meet with the attorney, and he again refused, stating that he must wait until the motion is resolved.

*Id.*

The same day as Plaintiff's scheduled deposition, the Clerk's Office docketed Plaintiff's motion to stay this case pending the outcome of Plaintiff's criminal case, which the Court subsequently denied. ECF Nos. 30 & 35.[3] That motion was dated November 13, 2023, and it was postmarked November 14, 2023, two days prior to the November 16th deposition. ECF Nos. 30-31.

Defendants filed the present motion for dismissal as a discovery sanction on December 7, 2023, seeking dismissal "pursuant to Federal Rules of Civil Procedure 37(b) and (d) and 41(b), and D. Kan. Rules 37.1 and 37.2 . . . for failing to respond to Defendants' written discovery requests and for failing to attend his own properly-noticed deposition." ECF No. 33 at 1. Defendants readily admit that they have made no attempts to meet and confer with Plaintiff and request that the Court relieve them of that requirement, imposed by the Federal Rules, the Local Rules, and the scheduling order entered in this case. *Id.* at 4.

On December 21, 2023, Plaintiff filed a motion for extension of time to respond to Defendants' Motion. ECF No. 37. On December 22, 2023, the Court granted the motion and gave Plaintiff up to and including January 10, 2024, to respond to the motion, but as explained above,

---

[3] Plaintiff has indicated an intention to file objections to the Order denying his motion to stay proceedings. ECF No. 41. He requested and was granted until February 12, 2024, to file such objections. ECF No. 42.

Plaintiff did not file a timely response brief by the deadline. ECF No. 38. Nevertheless, the Court has generally considered the untimely response brief, ECF No. 44, and rules without awaiting further briefing because additional briefing would not impact the Court's ruling given the Motion's deficiencies and because of the overall delay in this litigation related to events discussed throughout this Order.

## II.    DISCUSSION

Defendants request dismissal of this entire lawsuit as a discovery sanction without ever sending a Golden Rule letter to Plaintiff, requesting a discovery conference with the Magistrate Judge, or filing a motion to compel Plaintiff to comply with his discovery obligations. Moreover, Defendants rely on Federal Rules of Civil Procure 37(b), (d) and 41(b) in support of their request for dismissal but do so without addressing whether any of these rules even provide for the relief Defendants seek under the circumstances. The Court first begins with Defendants' request that the Court waive certain procedural rules before explaining why the sanctions Defendants seek are either unavailable under the present set of facts or unwarranted under the circumstances.

### A.    Defendants' Request to Waive Pre-Motion Requirements

Although Defendants acknowledge the procedural conference requirements embodied in the Federal Rules, Local Rules, and in the scheduling order entered in this case, they ask the Court to waive these requirements. ECF No. 33 at 4. Defendants contend that attempting to meet and confer with Plaintiff would be futile given his incarceration in that the jail does not allow calls to inmates and sending a Golden Rule letter would "accomplish nothing more than additional delay." *Id.* Specifically, Defendants ask that the Court to waive the requirements set out in Rule 37(a)(1) and D. Kan. Rules 37.1(a) and 37.2. ECF No. 33 at 4. The Court first addresses the requirements

5

of each cited rule and next explains why Defendants must comply with them, when applicable—as the Court has already made clear in the scheduling order entered in this case.

Turning first to Rule 37(a)(1), the rule requires parties to include a certification that the movant has conferred or attempted to confer with the opposing party in an effort to obtain the disclosure or discovery before moving "for an order compelling disclosure or discovery." But Defendants never raised a discovery dispute with the Court or otherwise filed a motion to compel under Rule 37(a)—a serious misstep as discussed in greater detail below. Because Defendants are not seeking an order compelling disclosure or discovery, Rule 37(a)(1) is not relevant to the present motion.

Defendants next cite D. Kan. Rule 37.2, which states that "[t]he court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37, or a motion to quash or modify a subpoena pursuant to Fed. R. Civ. P. 45(d), unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion." By seeking to be relieved of the obligation to meet and confer pursuant to this Rule, Defendants appear to believe that this Rule applies here. Defendants do not address orders in this District that have found this Rule does not apply in the context of a party seeking discovery sanctions. *See, e.g., Walker v. Corizon Health, Inc.*, No. 17-2601-DDC, 2022 WL 1623823, at *1 (D. Kan. May 23, 2022) (noting the lack of explicit authority indicating that the requirement would apply to a Rule 37(c)(1) motion to exclude, which the court reasoned is a sanctions motion for failing to comply with discovery obligations and not a motion to resolve a discovery dispute).

The Court need not resolve whether D. Kan. Rule 37.2 applies here because the scheduling order entered in this litigation expressly imposed a requirement on the parties to meet and confer:

6

> The court will not entertain discovery-related motions, including motions to compel discovery, **motions for sanctions**, or the like, unless and until there has been compliance with the following procedure: In the event of a dispute over discovery, the parties must confer in good faith or make a reasonable effort to confer in good faith, in person, by telephone or by video conference, if possible, and attempt to resolve the dispute

ECF No. 19 at 4 (emphasis added). At a minimum, Defendants have not complied with the scheduling order by declining to make any attempts to meet and confer with Plaintiff before seeking dismissal of the entire case as a discovery sanction.

Arguably, D. Kan. Rule 37.1(a) is broader than D. Kan. Rule 37.2. Adopted in December 2022, that rule requires that "[b]efore filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer in D. Kan. Rule 37.2, the party intending to file a discovery-related motion must contact the court to arrange a telephone conference with the judge and opposing counsel." The rule does not define what constitutes a "disputed discovery-related motion," but D. Kan. Rule 6.1(d)(1) defines discovery-related motions as including "those pursuant to Federal Rules of Civil Procedure 26-37 and 45."

Although it does not appear that judges in this District have interpreted whether this requirement would apply to a discovery sanctions motion, what this Rule unquestionably required was for Defendants to raise discovery disputes in a timely manner by requesting a discovery conference. Defendants declined to do so. Plaintiff's discovery failures might have been easily cured had Defendants requested a discovery conference with the Magistrate Judge, particularly with respect to Plaintiff's nonappearance at his deposition based on the pro se Plaintiff's apparent belief that his pending motion to stay entitled him not to participate. Again, the scheduling order in this case memorialized the requirement that after satisfying the duty to meet and confer, the

7

party "intending to file a discovery-related motion must . . . request[] a discovery conference." ECF No. 19 at 4.  Defendants have not complied D. Kan. Rule 37.1(a) or with the scheduling order.

Although Defendants now ask the Court to waive the above requirements given Plaintiff's status as a pro se incarcerated litigant, the Court already considered these very circumstances when it entered the scheduling order and imposed the requirements.  This should have put Defendants on notice that the Court would not relieve them of these obligations simply because Plaintiff's status as an incarcerated litigant may pose certain challenges.  To be clear, this is not a situation in which Defendants undertook efforts to meet and confer with Plaintiff but faced roadblocks because Plaintiff is incarcerated.  Defendants took *no* efforts and ask to waive that obligation based on their own speculation that exchanging Golden Rule letters "would accomplish nothing."

Because the Court declines to "waive" the meet-and-confer obligation embedded into at least the scheduling order, Defendants' Motion is denied on this basis.  But the Motion is also denied on its merits, and the Court explains why below.

### B.     Rule 37(b)(2) Sanctions

Defendants cite Rule 37(b)(2)(A), which allows the Court to impose just sanctions, including dismissal, when the offending party "fails to obey *an order* to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a)[.]" (emphasis supplied).  Generally, a "party lays the predicate for Rule 37(b) sanctions by filing a motion under Rule 37(a) seeking an order compelling disclosure or discovery." *Evans v. Griffin*, 932 F.3d 1043, 1046 (7th Cir. 2019) (internal quotations omitted).  "Only if (and to the extent) the court grants that order, and then the person subject to the order fails to comply with it, may the party seeking discovery move on to Rule 37(b) and ask for sanctions." *Id.*; *see also Confederacion Hipica de Puerto Rico, Inc. v. Confederacion de Jinetes Puertorriquenos, Inc.*, 30 F.4th 306, 318 n.6 (1st Cir. 2022) (Rule

37(b)(2) sanctions are not available "without the issuance, and subsequent violation, of a formal order under Rule 37(a)."), *cert. denied*, 143 S. Ct. 631 (2023); *see also Nozinich v. Johnson & Johnson, Inc.*, No. 09-02105-DKV, 2011 WL 13124086, at *2 (W.D. Tenn. Apr. 4, 2011) ("A party seeking to impose discovery sanctions must first seek a court order compelling discovery.").

Defendants do not point to any order that Plaintiff has violated, which could have triggered Rule 37(b)(2) sanctions. Notably, Defendants have never filed—and the Court has never granted—a single motion to compel in this case. At most, Defendants note that the scheduling order required that "[a]ny deposition of plaintiff must be taken on or before December 1, 2023." ECF No. 19 at 2. It is unclear whether Defendants contend that the scheduling order's statement amounts to an order to provide or permit discovery under Rule 37(b)(2). Notably, Rule 16(f)(1)(C) authorizes Rule 37(b)(2) sanctions for failing to obey a scheduling order, but Defendants do not rely on this rule or even cite it.[4] Therefore, the Court first addresses whether the scheduling order can be a basis for Rule 37(b)(2) sanctions (outside of the context of Rule 16(f)(1)(C)) and next addresses Defendants' failure to file a motion to compel and obtain a court order to provide or permit discovery prior to seeking Rule 37(b)(2) sanctions.

Some courts have found that scheduling orders can constitute an order to provide or permit discovery for the purpose of Rule 37(b)(2) sanctions when the order memorializes the parties' agreement as to a discovery procedure or compels some specific action beyond simply imposing case-management deadlines. *See, e.g., Olcott v. Delaware Flood Co.,* 76 F.3d 1538, 1556 (10th Cir. 1996) (finding that a supplemental scheduling order incorporating the parties' discovery agreement was a discovery order sufficient to permit Rule 37(b)(2) sanctions for its noncompliance

---

[4] Moreover, Defendants themselves have failed to comply with the scheduling order in this case as discussed in the preceding section.

but also relying on Rule 16(f)). But in this case, the Court sua sponte entered a scheduling order typically used in cases involving an incarcerated plaintiff with the primary purpose of imposing case-management deadlines. Faced with a similar set of facts, the Seventh Circuit concluded that an order permitting the deposition of an incarcerated plaintiff and the district's form scheduling order did not constitute orders to provide or permit discovery for the purposes of Rule 37(b). *See Evans*, 932 F.3d at 1046-47. Specifically, the Seventh Circuit reasoned:

> . . . [Defendant] now argues that the district court's orders permitting him to take [Plaintiff's] deposition and setting a deadline for the close of discovery are equivalent to a motion to compel [Plaintiff's] testimony. Not so. Neither of those orders *compelled* [Plaintiff] to answer any questions, produce any documents, or sit for a deposition at all. Both are form orders that the district court uses in many, if not all, *pro se* prisoner cases. They serve perfectly well as case-management and scheduling orders, but they are a far cry from the targeted order requiring compliance with a particular discovery request contemplated by Rule 37(a). While we do not rule out the possibility that a standard order can ever suffice, we have no trouble saying that the orders in this case did not.
>
> The district court's order permitting [Plaintiff's] deposition stated only that "[c]ounsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition." This language, far from being an order compelling [Plaintiff] to do anything, is directed towards defendants' counsel. Its language is permissive, not mandatory. The district court's scheduling order is similarly unhelpful. That order required the parties to complete discovery by March 1, 2017. It did not direct either party to engage in any specific course of discovery. Indeed, it required the opposite: that both parties cease their discovery attempts by the stated date.

*Id.*

The scheduling order's imposition of a deadline for Plaintiff's deposition is not an order to provide or permit discovery for the purpose of Rule 37(b)(2)—to the extent that Defendants contend that it is. The scheduling order imposed a deadline by which Plaintiff's deposition could occur but it in no way compelled Plaintiff's deposition. Rather, as the next paragraph made clear,

10

the Court was simply granting leave for the deposition pursuant to Rule 30(a)(2)(B), which is required because of Plaintiff's status as an incarcerated deponent. *Id.* Nothing in the scheduling order compelled Plaintiff to answer any specific discovery requests or to otherwise take any specific action. The scheduling order put the onus on Defendants to depose Plaintiff by a date certain if they elected to do so, but nothing in the order required Defendants to depose Plaintiff or required Plaintiff to sit for a deposition. In sum, the scheduling order in this case is not an order to provide or permit discovery under Rule 37(b)(2).

Defendants cannot and do not point to any other order that Plaintiff violated because Defendants never sought a discovery conference or filed any motions to compel, and the Court has not issued any discovery orders. The Court therefore denies Defendants' request for dismissal under Rule 37(b)(2).

### B. Rule 37(d) Sanctions

Rule 37(d) states that on a party's motion, the Court may order sanctions against another party who fails to appear for a properly noticed deposition or who fails to respond to properly served interrogatories or requests for production ("RFPs"). Unlike Rule 37(b)(2), Rule 37(d) does not require a court order as a prerequisite for sanctions. *See Washington Metro. Area Transit Comm'n v. Reliable Limousine Serv., LLC*, 776 F.3d 1, 7 (D.C. Cir. 2015) ("A litigant can be sanctioned for failing to respond to interrogatories even without a court order."). However, the rule makes clear that "[a] motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)(1)(B); *see also N. Alabama Fabricating Co., Inc. v. Bedeschi Mid-W. Conveyor Co., LLC*, No. 16-CV-2740-DDC-TJJ, 2018 WL 276772, at *3 (D. Kan. Jan. 3, 2018) (noting the

requirement). But this requirement does not extend to a party's failure to appear for a properly noticed deposition. *Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Assn*, 316 F.R.D. 327, 335 (D. Nev. 2016) (citing 8B Wright, Miller & Marcus, *Federal Practice & Procedure*, § 2291, at p. 638 (2010) ("This requirement does not apply, however, when a party fails to appear for a deposition")).

Again, there are two problems with Defendants' request for sanctions under this rule: (1) Defendants have not included the certification required by Rule 37(d)(1)(B) with respect to the interrogatories and RFPs (collectively "the written discovery"); and (2) with respect to Plaintiff's deposition, the factors the Court is required to consider when addressing dismissal as a discovery sanction weigh heavily against dismissal. The Court begins first with Defendants' own failure follow the Federal Rules.

### 1. Defendants' Noncompliance with Fed. R. Civ. P. 37(d)(1)(B)

With respect to the written discovery served on Plaintiff, Defendants' motion is procedurally deficient in that they have not included the certification required by Fed. R. Civ. P. 37(d)(1)(B). Indeed, Defendants readily admit that they have made no effort to meet and confer with Plaintiff, and for the reasons explained above, they are not relieved of the obligation to do so. Because of this, the Court denies Defendants' request for dismissal under Rule 37(d) with respect to Plaintiff's failure to respond to Defendant Sparks' written discovery.

Moreover, the discovery at issue was served by Defendants Sparks only. *See* ECF No. 26 (certificate of service reflecting written discovery requests by only Defendant Sparks). Defendant City of Merriam, Kansas does not explain why it is entitled to a discovery sanction based on Plaintiff's failure to respond to discovery it did not serve.

That leaves only Plaintiff's unattended deposition as a possible basis for Rule 37(d) sanctions.

### 2. The *Ehrenhaus* Factors

The Tenth Circuit has cautioned that dismissal with prejudice is a severe sanction and should be used only as a measure of last resort. *See Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007) (addressing dismissal under Rule 41(b)); *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) ("Because dismissal with prejudice defeats altogether a litigant's right to access to the courts, it should be used as a weapon of last, rather than first, resort." (internal quotations omitted). Dismissal as a sanction may be appropriate in cases of willful misconduct. *See Ehrenhaus,* 965 F.2d at 920.

Before imposing dismissal as a sanction, the Court considers the non-exhaustive *Ehrenhaus* factors. *Id.; see also Smith v. McKune*, 345 F. App'x 317, 319 (10th Cir. 2009) (applying the *Ehrenhaus* factors in review of a dismissal order under Rule 37(d)). These factors include: (1) the degree of actual prejudice to defendants; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Ehrenhaus*, 965 F.2d at 920-21. "These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Id.* at 921. Dismissal with prejudice is warranted when "the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits." *Id.*

On balance, these factors do not support the sanction of dismissal, as discussed below.

### a. Degree of Actual Prejudice to Defendants

Beginning with the first factor, the Court finds that Defendants have experienced some degree of actual prejudice. But Defendants also bear responsibility for that prejudice in that they failed to comply (at a minimum) with the scheduling order by declining to make any meaningful efforts to meet and confer with Plaintiff regarding his discovery failures or to timely raise these issues with the Court through a discovery conference. As explained above, while Rule 37(d) might not require meet-and-confer efforts before filing a sanctions motion for failure to attend a deposition, the scheduling order imposed this requirement and the requirement that a party request a pre-motion conference. These requirements are intended to aid in quickly resolving disputes like this one. Had Defendants contacted the Magistrate Judge's chambers to request a discovery conference immediately when Plaintiff refused to appear for his deposition, the Court's intervention may have prompted Plaintiff's participation by simply explaining to Plaintiff that his pending motion to stay discovery did not stay his deposition. The Court routinely convenes discovery conferences when disputes arise during depositions and would have been available on or around November 16, 2023, to do so in this case.

Defendants also contend they are prejudiced because they are forced to rely on Plaintiff's unsupported allegations in his second amended complaint to develop a defense strategy. This prejudice can be addressed by modifying the scheduling order to impose firm deadlines for Plaintiff to respond to Defendants' written discovery and to appear for a deposition, which the Court will address in a separate order. In sum, the prejudice to Defendants is minimal at this stage, self-inflicted in part, and largely curable.

### b. The Amount of Interference with the Judicial Process

This factor is neutral. While certain scheduling order deadlines now require targeted adjustments, these adjustments may have been avoided had Defendants timely raised these disputes with Plaintiff and the Court.

### c. Plaintiff's Culpability

This factor weighs against dismissal. Importantly, Plaintiff mailed his motion to stay by at least November 14, 2023, the postmark date. ECF No. 30-1. This was two days prior to the November 16, 2023 scheduled deposition. According to the affidavit of the deputy sheriff who was tasked to bring Plaintiff to the room where the deposition was to occur: "[Plaintiff] refused, stating that he had filed a motion that day and needed to wait for that to be resolved first." ECF No. 33-6 at 1. In other words, Plaintiff believed that filing a motion to stay discovery entitled him not to participate in discovery. Pro se litigants are still expected to follow the Federal Rules and Local Rules (as are Defendants), and Plaintiff's motion did not, for example, comply with any local rule that would have automatically stayed his deposition. *See, e.g.,* D. Kan. Rule 26.1. While Plaintiff is culpable for his conduct, a good-faith misunderstanding by a pro se litigant is distinguishable from willful misconduct.

Moreover, Plaintiff's culpability is mitigated by the fact that Defendants declined to take any meaningful efforts to notify Plaintiff of these serious missteps via a Golden Rule letter or by requesting a discovery conference with the Court. Again, had Defendants contacted the Magistrate Judge's chambers to request a discovery conference immediately when Plaintiff failed to appear, the Court's intervention may have resolved this issue and avoided the present Motion.

### d. Prior Warning

This factor also weighs heavily against dismissal in that Plaintiff has never been warned that dismissal would be a likely sanction for noncompliance with discovery requests. Not only has the Court not warned Plaintiff, Defendants' failure to attempt any meet-and-confer efforts or to request a discovery conference also deprived Plaintiff of notice and opportunity to attempt to address or cure these issues.

Defendants appear to argue that Plaintiff had constructive notice that his case could be dismissed, ECF No. 33 at 6, but this argument is wholly unpersuasive. Defendants point only to the Court's Memorandum and Order to Show Cause, which identified deficiencies in Plaintiff's original complaint. ECF No. 9. That Memorandum and Order gave Plaintiff an opportunity to file an amended complaint curing the deficiencies the Court had identified and warned Plaintiff that if he declined to file an amended complaint, the case "may be dismissed without further notice for failure to state a claim." *Id.* at 10. This language warned Plaintiff that his operative pleading was insufficient to state a claim and provided him an opportunity to cure. It in no way constituted a warning that his claims may be dismissed as a discovery sanction for any discovery failures.

Defendants also argue that Plaintiff was "constructively warned" by the Court to comply with the Federal Rules and court orders, and his refusal to do so warrants dismissal. ECF No. 33 at 10. The Court's general expectation that *all* parties will comply with applicable procedural rules is not constructive notice of a likely dismissal sanction, as this would be true in every civil case, rendering the notice factor superfluous. Rather, the Tenth Circuit has explained that constructive notice is "notice (1) without an express warning and (2) objectively based upon the totality of the circumstances (most importantly, the trial court's actions or words)." *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1152 (10th Cir. 2007) (noting that the court had previously issued a show-

cause order that noted there had been no filings in the case for a lengthy period, requiring a status report regarding the parties' intentions regarding whether they planned to proceed, and warning of the possibility of dismissal for failure to file the status report). The Court has not expressly warned Plaintiff, and the Court cannot find constructive notice based on the totality of the circumstances.

### e.     The Efficacy of Lesser Sanctions

This factor is neutral. The Tenth Circuit has cautioned that in cases involving a pro se party, the court must carefully assess this factor "so that the party does not unknowingly lose its right of access to the courts because of a technical violation." *Ehrenhaus*, 695 F.2d at 920 n.3. Defendants suggest that imposing fees would not deter Plaintiff because he proceeds in forma pauperis, but the Federal Rules authorize a variety of sanctions for nonparticipation in discovery. Because Defendants have not requested other sanctions and because Defendants themselves have not complied with the applicable procedural rules and the scheduling order, the Court finds that other sanctions are unwarranted at this time, but the Court does not find that they would be ineffective.

In sum, these factors weigh against the severe sanction of dismissal, which is intended to be a measure of last resort, not first. Although Defendants contend that Tenth Circuit precedent supports the sanction of dismissal in this case, all the cases cited by Defendants are distinguishable from the circumstances present here. None involve a moving party's own failures to follow applicable procedural rules and the scheduling order, which contributed to the delays discussed throughout this Order. None involve a pro se plaintiff who had filed a motion to stay discovery and appeared to be under the belief that the pending motion entitled him to decline participation. And all involved more egregious conduct or prior court orders directed at the discovery misconduct

17

*before* the district court had resorted to dismissal.[5] For these reasons, the Court denies Defendants' request for dismissal under Rule 37(d) with respect to Plaintiff's failure to appear for his deposition.

C. Rule 41(b)

Federal Rule of Civil Procedure 41(b) authorizes the court to involuntarily dismiss a case if "the plaintiff fails to prosecute or to comply with these rules or a court order[.]" *See also Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) ("[T]he Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."). Dismissal under this rule generally operates as an adjudication on the merits. *See* Fed. R. Civ. P. 41(b). Nevertheless, Rule 41(b) is not intended to provide broader sanctions for discovery violations than those available under Rule 37. *See* 8B Richard L. Marcus, *Federal Practice and Procedure* § 2282 (3d ed. Apr. 2023) (explaining that the Supreme Court in *Societe Internationale* has stated that whether a court has power to dismiss a case for noncompliance with discovery obligations depends on Rule 37, which provides various remedies targeted to the particular issue, and in these circumstances, there is no need to resort to Rule 41(b)).

---

[5] *See, e.g., Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.*, 70 F.3d 1172, 1173 (10th Cir. 1995) (finding no abuse of discretion when the district court dismissed plaintiff's case as a discovery sanction after finding plaintiff had provided misleading information and failed to disclose information on a continual basis during discovery); *Jones v. Thompson*, 996 F.2d 261, 263 (10th Cir. 1993) (affirming dismissal after the court had already issued prior discovery sanctions, plaintiffs failed to comply with the deadline to submit a pretrial order to defendants, failed to appear for a subsequent pretrial conference, informed the opposing parties that they had no desire to participate in the case without counsel, among other failures and where the court had issued a show cause-order warning of dismissal); *Ehrenhaus*, 965 F.2d at 922 (finding no abuse of discretion when the district court dismissed a case as a sanction under Rule 37(b)—which is unavailable to Defendants in this case for the reasons explained above—for a violation *of a court order* requiring plaintiff to appear for his deposition).

The Court already explained why the sanctions Defendants seek under Rule 37 are unavailable for a variety of reasons, including Defendants' noncompliance with applicable procedural rules and the scheduling order. The Court will not allow Defendants to bypass these requirements by invoking Rule 41(b). But even considering the merits of the request, the Court would still deny it because the *Ehrenhaus* factors also are considered in evaluating dismissal under Rule 41(b). *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993) (applying *Ehrenhaus* to Fed. R. Civ. P. 41(b) motions). The Court would still find the factors weigh strongly against dismissal for the reasons explained above. For these reasons, the Court also denies Defendants' request for dismissal under Rule 41(b).

## III. CONCLUSION

For the reasons explained above, Defendants' Motion is denied. Plaintiff is cautioned that failure to comply with the Federal Rules, including timely serving discovery responses and attending a properly noticed deposition, could result in the imposition of serious sanctions up to and including dismissal of his entire case.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss as a Discovery Sanction (ECF No. 33) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File a Modified Response Brief or Alternative Relief (ECF No. 43) is **GRANTED** insofar as the Court has considered Plaintiff's response brief (ECF No. 44). The motion is otherwise **DENIED**. To the extent Plaintiff's response brief seeks "counter-sanctions" against Defendants, that request is also **DENIED**.

**IT IS SO ORDERED.**

Dated: January 17, 2024, at Topeka, Kansas.

                                                          /s/ Rachel E. Schwartz  
                                                          Rachel E. Schwartz  
                                                          United States Magistrate Judge