IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN MARTIN PATTON, JR,

           Plaintiff,

v.                                                                                        Case No. 23-3096-JWB

GRANT SPARKS,
CITY OF MERRIAM, KANSAS,

           Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's objections, (Docs. 49, 50, 79), to three of Magistrate Judge Schwartz's orders. Defendants have not responded to Plaintiff's objections, and the time to do so has now passed. The court overrules Plaintiff's objections to Magistrate Judge Schwartz's orders for the reasons stated herein.

Plaintiff is proceeding pro se. As a general rule, a pro se litigant's pleadings are to be "construed liberally" and held to a "less stringent standard" than pleadings drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a court must not become an advocate for a pro se litigant. *See id.* Additionally, Plaintiff's pro se status neither excuses him from complying with the court's rules nor from facing the consequences for failing to comply with them. *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Any party may object to a magistrate's order. When a party objects to an order on a nondispositive matter, a district court judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P 72(a). However, "a party's objection must be 'both timely and specific.'" *Tunnell v. Gill*, No. 14-3206-DDC-KGS, 2018 WL 4154130, at *1

(D. Kan. Aug. 30, 2018) (citation omitted). According to Rule 72(a), a party's objection is timely when the party files it within fourteen days of being served with the order. *See* Fed. R. Civ. P 72(a); *see also Tunnell*, 2018 WL 4154130, at *2 (discussing that a party must file the objection within fourteen days unless other rules provide additional time). The fourteen days begin to run once service is made. Fed. R. Civ. P. 5(b). And if the party objecting to an order is incarcerated, the filing date of the objection is the date the party presented his objection to the prison officials for mailing, rather than the date of receipt. *See Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989).

Plaintiff objects to three of Magistrate Judge Schwartz's orders. He objects to the order dated December 20, 2023, in which Magistrate Judge Schwartz denied Plaintiff's motion to stay the case. He objects to the scheduling order entered January 18, 2024. And he objects to the order entered June 13, 2024, in which Magistrate Judge Schwartz denied Plaintiff's motion for a discovery conference without prejudice. For the following reasons, the court overrules Plaintiff's objections to Magistrate Judge Schwartz's orders.

<u>Order Denying Plaintiff's Motion to Stay the Case:</u> According to Plaintiff's objection to Magistrate Judge Schwartz's December 20, 2023, order (Doc. 50), he presented his objection to the prison officials for mailing on February 12, 2024. (*Id.* at 4.) Under Federal Rule of Civil Procedure 5(b)(2)(C), Plaintiff had fourteen days to file his objection after December 20, the day the order was mailed to Plaintiff. Plaintiff presented his objection to the prison officials for mailing 50 days after Magistrate Judge Schwartz's order was served. The court acknowledges that mail to prisoners and pre-trial detainees can be delayed. Indeed, had Plaintiff's filing been a few days beyond the fourteen-day period, the court would be more willing to excuse the missed filing deadline. Plaintiff here, however, filed his objection 36 days after the fourteen-day filing period

ended. The court cannot excuse that degree of untimeliness. Thus, Plaintiff's objection is untimely.

Scheduling Order: Based on his objection to Magistrate Judge Schwartz's January 18 order (Doc. 49), Plaintiff presented his objection to prison officials for mailing on February 8, 2024. (Doc. 50 at 4.) The records indicate that Magistrate Judge Schwartz's order was mailed, and thus, service was completed, on January 18. Fed. R. Civ. P. 5(b)(2)(C). Again, Plaintiff filed his objection after the fourteen-day filing requirement—this time 31 days after Magistrate Judge Schwartz's order was served. As discussed, the court is more willing to excuse a missed deadline from a pro se plaintiff who is incarcerated when it is merely 2–3 days late. Here, Plaintiff presented his objection for mailing 31 days after service was complete and 17 days after the fourteen-day period. His objection was well beyond 2–3 days late. Therefore, Plaintiff's objection to Judge Schwartz's January 18, 2024, order is untimely, and his objections thereto are overruled.

Order Denying Plaintiff's Motion for a Discovery Conference: Plaintiff's third objection was to an order from June 13, 2024. He presented his objection to the prison officials for mailing on July 8, 2024. (Doc. 79 at 3.) Service of process for Magistrate Judge Schwartz's order was complete when it was uploaded to the court filing system on June 13.[1] Fed. R. Civ. P. 5(b)(2)(E). As was the case with Plaintiff's two prior objections, Plaintiff filed this third objection outside of the fourteen-day filing requirement. Thus, Plaintiff's objection is untimely, and is accordingly overruled.

The court also clarifies that it does not review magistrate judge orders de novo unless the magistrate judge makes a ruling on a dispositive matter. In all three objections, Plaintiff requests

---

[1] On April 9, Plaintiff registered for electronic notification when an order, motion, etc. is filed. (Doc. 62.)_ Thus, under Rule 5(b)(2)(E), Plaintiff was served with Magistrate Judge Schwartz's June 13 order when it was filed electronically.

3

the court to review Magistrate Judge Schwartz's orders de novo. However, the three orders to which he objected were not rulings on dispositive matters. Second, in Plaintiff's first two objections (Docs. 49, 50), he asserts that he is being treated unfairly because he is proceeding pro se. (*See id.* at 2; *see* Doc. 50 at 3.) As already explained, the court does not become a pro se plaintiff's advocate, and a party proceeding pro se must abide by the rules. Moreover, Magistrate Judge Schwartz has been accommodating to Plaintiff. For example, she granted his request to extend discovery deadlines in her January 18, 2024, order—one of the orders Plaintiff is objecting to here. Indeed, Magistrate Judge Schwartz did not grant the six-month extension that Plaintiff requested, but she still extended the discovery deadlines per his request and did so in a manner that would not "unnecessarily delay the case." (Doc. 46 at 1.) The court understands that abiding by the filing rules can be difficult for pro se parties, but Plaintiff is not being held to what he considers "a more stringent standard than an attorney." (Doc. 79 at 2.) Rather, as outlined above, he needs to abide by the filing rules *all* attorneys, and pro se parties, must follow.

In addition to being untimely, the court finds that Plaintiff has failed to show that Magistrate Judge Schwartz's orders were clearly erroneous or contrary to law. Therefore, Plaintiff's objections are OVERRULED. (Docs. 35, 46, 73.)

IT IS SO ORDERED. Dated this 30th day of July, 2024.

s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE